### UNITED STATES DISTRICT COURT
#### SOUTHERN DISTRICT OF OHIO
#### WESTERN DIVISION

Thomas Proctor, Jr.,
    Petitioner

vs.                                        Case No. 1:02cv491
                                             (Dlott, J.; Black, M.J.)

James Erwin,
    Respondent

### REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's return of writ, petitioner's "traverse" in reply to the return of writ and memorandum of "points and authorities in support of [the] traverse," as well as the transcript of the state trial proceedings. (Docs. 1, 3, 4, 6, 8).

### Procedural Background

On July 29, 1996, petitioner was indicted by the Butler County, Ohio, grand jury on one count of aggravated burglary as defined in Ohio Rev. Code § 2911.11(A)(33), two counts of assault as defined in Ohio Rev. Code § 2903.13(A), and one count of attempted rape as defined in Ohio Rev. Code §§ 2907.02(A)(2) and 2923.02(A). (Doc. 3, Ex. A). Following a jury trial, petitioner was found guilty as charged. (*Id.*, Ex. E). On November 20, 1996, petitioner was sentenced to concurrent prison terms of six (6) to twenty-five (25) years for the aggravated burglary offense, six (6) months for each of the assault offenses, and four (4) to fifteen (15) years for the attempted rape offense. (*Id.*, Ex. F).

With the assistance of counsel, petitioner filed a timely appeal to the Ohio Court of Appeals, Twelfth Appellate District, alleging assignments of error that are not asserted as grounds for relief in the instant action. (*Id.,* Ex. G). On November 17, 1997, the Ohio Court of Appeals issued an Opinion and Judgment Entry overruling petitioner's assignments of error and affirming the trial court's judgment. (*Id.,* Ex. J). Petitioner's counsel filed a motion for reconsideration, which was denied on December 17, 1997. (*Id.,* Exs. K, M). Apparently, petitioner did not pursue further appellate review by the Supreme Court of Ohio. (*Id.,* Brief, p. 3).

On September 17, 1997, while his direct appeal was pending before the Ohio Court of Appeals, petitioner filed a pro se petition for post-conviction relief in the Butler County Common Pleas Court, which he amended on December 29, 1997. (*Id.,* Exs. N, O). Petitioner claimed in part that his trial counsel was ineffective because he failed to subpoena key witnesses and to obtain an expert witness to rebut the State's expert on fingerprint evidence. (*See id.,* Ex. O). In response, the State filed a motion to dismiss the petition as untimely filed. (*Id.,* Ex. Q). On August 3, 1999, the Common Pleas Court granted the State's motion to dismiss and denied petitioner's motion for post-conviction relief on the ground that it was without jurisdiction to entertain the untimely filed petition. (*Id.,* Ex. R). Petitioner appealed to the Ohio Court of Appeals, Twelfth Appellate District, which affirmed the trial court's judgment on September 5, 2000. (*Id.,* Exs. S, T, W). Petitioner sought leave to appeal further to the Supreme Court of Ohio. (*Id.,* Exs. X, Y). On December 20, 2000, the Supreme Court of Ohio declined jurisdiction to hear the case and dismissed the appeal "as not involving any substantial constitutional question." (*Id.*, Ex. AA).

Approximately three months later, on March 30, 2001, petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court. (*Id.,* Ex. BB). On August 31, 2001, the district court granted petitioner's motion to dismiss the action without prejudice so that petitioner could exhaust state court remedies. (*Id.,* Ex. EE). The dismissal order included the following provision:

> In order to avoid potential statute of limitations issues arising from the dismissal of the action without prejudice *and to the extent that the petition or any of the claims asserted therein are not already barred by the statute of limitations,* the one year period in which a habeas corpus action must be commenced pursuant to 28 U.S.C. § 2244(d) shall be TOLLED effective March 30, 2001, the date the

2

> instant habeas corpus petition was received by this Court for filing. *The tolling of the limitations period is conditioned on petitioner's pursuing his state remedies within thirty (30) days of the date of filing of this Order and on petitioner's filing a renewed petition for writ of habeas corpus with this Court within thirty (30) days after exhausting such remedies.*

(*Id.*) (emphasis added).

On August 28, 2001, petitioner filed a petition for writ of error coram nobis in the Butler County Common Pleas Court. (*Id.*, Ex. FF). The State moved to dismiss the petition on the grounds that "said writ is no part of the criminal jurisprudence of the State of Ohio," and that to the extent it could be construed as a "petition for post-conviction relief, this Court is without jurisdiction to entertain a subsequent, and untimely filed, petition pursuant to R.C. 2953.23(A)." (*Id.,* Ex. GG). On October 10, 2001, the Common Pleas Court summarily denied the petition, which it characterized as a "motion []to vacate judgment of conviction." (*Id.,* Ex. HH). It appears from the record that petitioner did not pursue an appeal from that decision in the state courts. (*Id.,* Brief, p. 6; Ex. II).

The instant petition for writ of habeas corpus was signed by petitioner on July 2, 2002 and stamped as "filed" on July 5, 2002. (Doc. 1). Petitioner alleges eight grounds for relief:

> **Ground One:** Petitioner was denied the due process of law by being tried in a court not of competent jurisdiction, in violation of the Fourth and Fourteenth Amend.
>
> **Ground Two:** Petitioner was denied the due process of law, by being tried personally by the Prosecutor of Butler County, without lawful authority, in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments.
>
> **Ground Three:** Petitioner was not tried in the State and district where the "crime" was committed. In violation of the Sixth and Fourteenth Amend.

**Ground Four:** Petitioner is being held in slavery and/or involuntary servitude in violation of the Thirteenth Amendment.

**Ground Five:** Petitioner was denied effective assistance of trial counsel in violation of his Sixth and Fourteenth Amendment right [by counsel's failure to subpoena key witnesses on petitioner's behalf].

**Ground Six:** Petitioner was denied effective assistance of trial counsel in violation of the petitioner's rights [under] the Sixth and Fourteenth Amendments of the U.S. Constitution [by counsel's failure to pursue adequate investigation by an expert of potential exculpatory evidence in an attempted sexual assault case or to retain an expert defense witness familiar with the interpretation of fingerprint evidence].

**Ground Seven:** Petitioner was denied effective assistance of counsel, for counsel's failure to seek suppression of evidence regarding the victim's in-court identification of petitioner as her assailant, which lacked sufficient independent reliability. . . .

**Ground Eight:** Petitioner's conviction is a result of tainted evidence in violation of the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.

(*See id.*).

## OPINION

### The Petition Is Barred From Review By The Statute Of Limitations

In the return of writ, respondent argues that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. 3, Brief, pp. 11-14). Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment

to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, all of petitioner's claims for relief involve allegations of error occurring before or during petitioner's state criminal trial. Petitioner neither argues nor alleges facts to suggest that the underlying factual bases of his claims could not have been discovered through the exercise of due diligence before the conclusion of direct review in the Ohio courts. Therefore, it appears petitioner's claims are governed by 28 U.S.C. § 2244(d)(1)(A), which provides that the statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review. Under this provision, petitioner's conviction became "final" on January 2, 1998, one day after the 45-day period expired for filing a timely appeal to the Supreme Court of Ohio from the Ohio Court of Appeals' November 17, 1997 direct appeal decision (*see* Doc. 3, Ex. F). *See* Rule II, Section 2(A)(1), Rules of Practice of the Supreme Court of Ohio; *Lucas v. Carter,* 46 F.Supp.2d 709, 711 (N.D. Ohio 1999); *McClain v. Hill,* 52 F.Supp.2d 1133, 1145 (C.D. Cal. 1999); *cf. Searcy v. Carter,* 246 F.3d 515, 517 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001); *United States v. McNair,* Nos. CIV. A. 98-6021, CRIM. A. 95-124-09, 1999 WL 281308, at *2 (E.D. Pa. May 3, 1999) (citing *Kapral v. United States,* 166 F.3d 565, 577 (3rd Cir. 1999)); *see also* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000).

During the one-year limitations period commencing January 2, 1998, petitioner was entitled to the benefits of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States,* 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn,* 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table),

No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998). The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

An application for state post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, ... the time limits upon its delivery." *Vroman v. Brigano,* 346 F.3d 598, 603 (6th Cir. 2003) (quoting *Artuz v. Bennett,* 531 U.S. 4, 8 (2000), and citing *Israfil v. Russell,* 276 F.3d 768, 771 (6th Cir. 2001), *cert. denied,* 535 U.S. 1088 (2002)). Here, petitioner was required under Ohio's post-conviction statute, Ohio Rev. Code § 2953.21(A)(2), to file his petition for post-conviction relief "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction."

Apparently, petitioner's trial transcripts were filed on direct appeal with the Ohio Court of Appeals on March 19, 1997. (*See* Doc. 3, Ex. R, p. 1; Ex. W, pp. 2, 4). Petitioner filed his state petition for post-conviction relief on September 17, 1997. The Ohio courts determined the petition was untimely filed under Ohio Rev. § 2953.21(A)(2), as it was filed by petitioner two days after the 180-day period expired on September 15, 1997. (*See id.,* Ex. R, p. 1; Ex. W, pp. 4-5). In so ruling, the courts refused to apply the "mailbox rule," which governs when a prisoner pleading is deemed "filed" in federal cases; under this rule, a prisoner pleading is "filed" when it is received by prison authorities for mailing to the court. (*Id.,* Ex. R, p. 2; Ex. W, p. 4). Instead, in reliance on state case precedents, the courts concluded that the filing date of a post-conviction petition in Ohio is the date the pleading is actually filed in the court that imposed the sentence. (*Id.,* Ex. R, p. 2; Ex. W, p. 4). *See also Vroman,* 346 F.3d at 603 ("According to the Ohio Supreme Court, a pleading is considered filed on the day it is filed with the court.").

>This Court must defer to the Ohio courts' finding that petitioner's post-conviction petition was not timely filed as a matter of Ohio law. As the Sixth Circuit explained in *Israfil,* 276 F.3d at 771 (citations omitted):

>>Principles of comity require federal courts to defer to a state's judgment on issues of state law and, more particularly, on issues of state procedural law. . . . Because state courts are the final authority on state law, . . . federal courts must accept a state court's interpretation of its statutes and rules of practice.

In accordance with this standard of deference, the Sixth Circuit held in *Israfil* that the petitioner's third motion for post-conviction relief, which had been denied by the state courts on timeliness grounds, was not "properly filed" within the meaning of § 2244(d)(2) and, therefore, did not toll the one-year limitations period governing his federal habeas petition. *Id.* at 771-72. Similarly, in *Vroman,* the Sixth Circuit upheld the district court's conclusion "that Ohio's determination of whether [the petitioner's] post-conviction petition was properly filed governs whether such action tolls the statute of limitations under § 2244(d)(2)." *Vroman,* 346 F.3d at 603. In *Vroman,* as here, the petitioner argued that his state post-conviction petition, filed with the trial court only one day past the deadline date, was timely filed under the federal mailbox rule, because he delivered the petition to prison authorities for mailing within the applicable time limit. *Id.* at 602. However, out of deference to the state courts in interpreting their own laws, the Sixth Circuit refused to reconsider whether the Ohio courts were correct in their determination that the post-conviction petition was untimely or to extend the mailbox rule, which has been expressly rejected by the Supreme Court of Ohio, to the determination of filing dates for state post-conviction applications. *Id.* at 604.

As in *Israfil* and *Vroman,* this Court must accept the state courts' finding that petitioner's post-conviction petition filed on September 17, 1997 was untimely filed. Because the petition was not filed within the applicable time limit established by state law, it was not "properly filed" within the meaning of § 2244(d)(2) and thus did not toll the running of the statute of limitations while it was pending before the state courts. Therefore, the three-year period of time from September 17, 1997 through December 20, 2000 when the post-conviction petition was pending before the state courts may not be counted as tolling the limitations period. In the absence of such tolling, the statute of limitations, which commenced running on January 2, 1998, expired one year later on January 3, 1999. Under this calculation, neither petitioner's subsequent federal habeas corpus petition filed in March 2001 nor his state petition for writ of error coram

nobis filed in August 2001 could serve to toll the running of the statute, which had long since run its course.

In any event, even assuming, *arguendo,* in petitioner's favor that the state post-conviction petition could have been considered as tolling the limitations period during the time it was pending before the state courts, the instant action must still be deemed time-barred. Under this alternative calculation, the statute of limitations would have been tolled from January 2, 1998, when it was to begin running, until March 21, 2001, when the ninety-day period expired for filing a petition for writ of certiorari to the United States Supreme Court from the Supreme Court of Ohio's December 20, 2000 final order denying an appeal in the post-conviction matter. *See Abela v. Martin,* 348 F.3d 164, 172-73 (6th Cir. 2003), *cert. denied,* 124 S.Ct. 2388 (2004).

Petitioner filed his first federal habeas petition on March 30, 2001, only nine days after the statute commenced running, which arguably tolled the limitations period. However, the federal petition did not constitute an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2)'s tolling provision. *See Duncan v. Walker,* 533 U.S. 167, 181-82 (2001). Moreover, although the statute of limitations was equitably tolled by the district court when it granted the petitioner's motion to dismiss the federal petition without prejudice, petitioner failed to comply with the second condition of the tolling order, which expressly required him to file a renewed petition for writ of habeas corpus within thirty (30) days after exhausting his state court remedies. (*See* Doc. 3, Ex. EE). Indeed, petitioner did not file a renewed petition with this Court until nearly eight months after the conclusion of the state proceeding upon which his initial request for a voluntary dismissal of the prior federal habeas petition was based. (*See id.,* Exs. FF, HH). Because petitioner failed to comply with an express condition of the equitable tolling provision contained in the order dismissing his first federal habeas petition without prejudice, the time period during which that petition was pending before this Court may not be counted for tolling purposes.

Therefore, the Court concludes that under the alternative calculation of the limitations period, the statute of limitations ran without being tolled by the filing of petitioner's first federal habeas petition for 160 days from March 21, 2001 until August 28, 2001, when petitioner filed his petition for writ of error coram nobis in the Butler County Common Pleas Court. The statute was tolled during the pendency of the state coram nobis action and commenced running again on November 10, 2001, when the 30-day period expired for appealing the Common Pleas Court's decision to deny the

petition. The statute of limitations ceased running 205 days later on or about May 30, 2002, over a month before petitioner signed the instant habeas corpus petition and submitted it for filing. Therefore, even assuming in petitioner's favor that his untimely state post-conviction petition did toll the running of the statute of limitations in this case, his petition remains time-barred.

The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). In determining whether the statute of limitations should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Petitioner does not argue that he is entitled to equitable tolling and has made no attempt to apply the five equitable tolling factors to the instant habeas petition.[1]

---

[1] Although it is difficult to understand petitioner's arguments in support of his grounds for relief and in his "traverse" briefs, it appears petitioner challenges the application of the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) to him, because it has not been ascertained that the Butler County Common Pleas Court is in fact a state court with subject matter jurisdiction over him and, therefore, that he is "a person in custody pursuant to the judgment of a state court" within the meaning of § 2244(d)(1). (*See* Doc. 8, pp. 9-11). Such an argument is belied by the record, which establishes beyond doubt that petitioner is in state custody pursuant to sentences imposed by a state court–the Butler County Common Pleas Court–upon the jury's verdicts of guilt after hearing evidence presented at trial on charges of aggravated burglary, assault and attempted rape contained in an indictment issued by the Butler County grand jury. (*See* Doc. 3, Exs. A, E, F). Petitioner properly seeks to attack that state court judgment of conviction by way of a habeas corpus petition brought pursuant to 28 U.S.C. § 2254, which

Petitioner does not argue and there is no evidence in the record to suggest that he was ignorant, or lacked notice or constructive knowledge, of the one-year filing requirement for federal habeas corpus petitions.  In addition, petitioner has failed to demonstrate that he acted with due diligence in pursuing his federal remedy.  It is true that petitioner filed a federal habeas petition a few months after proceedings on his state post-conviction petition concluded.  However, petitioner was not diligent in the first instance in pursuing state post-conviction relief, which resulted in the dismissal of the post-conviction petition as untimely filed.  Furthermore, and most importantly, as discussed above, *see supra* p. 8, petitioner did not pursue his federal remedy diligently when, after requesting and obtaining the dismissal of his prior federal habeas petition without prejudice on exhaustion grounds, he failed to comply with the court's order expressly conditioning the equitable tolling of the statute of limitations on his filing a renewed petition within thirty (30) days after exhausting his state court remedies.  Therefore, equitable tolling is inappropriate in this case.

Accordingly, in sum, the Court concludes that the instant petition is barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to petitioner's grounds for relief alleged in the petition, which this Court has concluded are barred from review on procedural statute of limitations grounds, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S.

---

applies to persons "in custody pursuant to the judgment of a State court."  *See* 28 U.S.C. § 2254(a).  In obtaining this Court's jurisdiction under § 2254(a) as a person "in custody pursuant to the judgment of a State court," petitioner is unable to now claim that he is not a person "in custody pursuant to the judgment of a State court" under § 2244(d)(1), which mirrors the language of and thus clearly applies to § 2254 petitions.

473, 484-85 (2000).[2]

      3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 8/6/04                                               s/Timothy S. Black
     cbc                                                         Timothy S. Black
                                                                            United States Magistrate Judge

J:\BRYANCC\2004 habeas orders\02-491denypet.sol.wpd

---

[2] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim for relief in his habeas petition. *See Slack*, 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Thomas Proctor, Jr.,
    Petitioner,

    v.

James Erwin,
    Respondent.

Case No. 1:02cv491
(Dlott, J.; Black, M.J.)

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Case 1:02-cv-00491-SJD-TSB    Document 14    Filed 08/16/2004    Page 14 of 14